BROCK *v.* BROCK.

In Banc. Jan. 24, 1949.

(38 So. (2d) 321)

**Vance W. Good,** for appellant.

No brief or counsel for appellee.

**Roberds, J.**

Appellant, a minor, twenty years of age, filed her bill in this cause asking for a divorce from appellee. The chancellor dismissed the bill. Complainant appeals. The only question involved on the appeal is whether that action was manifestly wrong.

The parties were married August 22, 1943, when appellant was sixteen years of age. They separated about June 1, 1947.

The grounds invoked for the divorce are cruel and inhuman treatment and habitual drunkenness.

Appellant introduced a number of witnesses by whom she proved the charges. Some of these were related to her by blood or marriage, others were not related to either party and were disinterested. All had lived in the same house with, or in close proximity to, appellant and appellee while they were living together as man and wife. The testimony of all these witnesses was definite, affirmative, and positive as to the acts of cruelty and the habit of appellee in becoming intoxicated. He, according to their testimony, after the first six months of marriage, frequently cursed, abused, and physically attacked his wife, both in their home and in public; that he would not work, did not support his wife, and was often in an intoxicated, or semi-intoxicated, condition, at which times he was especially cruel to and abusive of appellant. As illustrative, we will mention two occasions of public conduct detailed by the witnesses. As appellant and two other ladies were on their way to a picture show, and when they alighted from a bus, one witness said, "he came down, ran over me and liked to have knocked me down, and caught her by the throat, he pushed her against a post, and I asked him to turn her aloose and he told me it wasn't any of my damn business . . .". On another occasion, the wife was in a store, appellee lingered outside the store but the wife was afraid to come out, whereupon appellee came into the store and told his wife he wanted to talk to her, to which she readily assented, but asked him to talk in the store, which he refused to do, whereupon "he grabbed her then and was jerking her by the coat sleeve . . . he grabbed her in the throat and started dragging her out, and she caught hold of me, and I caught ahold of the counter . . . I had groceries in my arms, but caught ahold of the store counter . . . he turned around and cursed me and told me to turn her aloose . . . I couldn't do very much, I had the groceries . . . and she had her hands clasped around my belt . . . the lady in the

store was very nice . . . she told me to call the sheriff . . .".

As against this nature and type of evidence, appellee gave evidence in his own behalf. He denied some of these accusations, some he denied in a half-hearted manner, and some he did not deny at all. He admitted the affair in the store, but said, "I just reached and picked her up in my arms and brought her out". As to the above detailed incident on the street, he said, "I don't know nothing about that". He was asked, "That didn't happen?" and he replied, "If it did, I don't know nothing about it". He denied being an habitual drunkard; said he drank some, mainly beer, but not to excess; that, when trial was had, he was working for an oil company at Pine Bluff, Arkansas, making $177.00 each two weeks, of which, according to his own evidence, he sent his wife only ten to fifteen dollars. He settled a claim against the oil company for $1500.00, none of which did he say he had sent his wife.

The testimony of his witnesses, other than himself, was of this character:

One said he owned an apartment house and the Brocks stayed in one of the apartments three or four weeks. He was asked, "Do you know how they got along." and he replied, "As far as I know they got along all right . . . we didn't go in the room, or nothing like that . . just rented them an apartment." Again he was asked, "How were they getting along?" and he replied, "As far as I know, all right. I didn't have no trouble with them." Again he said he didn't know whether Brock got drunk.

Another witness said the Brocks roomed at his house about three months either in 1942 or 1943. He was asked, "How did they get along in your home?" and he replied, "So far as I know, all right". He further said at that time they were newly married. It might be noted here

it is not claimed appellee was cruel to appellant until after they had been married about six months.

Another witness for appellee said he was a bus driver, and a kind of pal of appellee; that he had been about socially with the Brocks before they separated; that, so far as he could tell, they got along all right. He was asked about the drinking proclivities of Brock, and replied, ''No more than we have been together, and got kinder tight, but that is all . . . as far as I know he is not a drinking man''.

Another witness said he had known the Brocks about two years, lived ''right near'' them. He was asked, ''How did they get along at that time?'' his reply was ''We, as far as I know, they got along just fine. I never heard of any trouble''. When asked if he would tell the court Brock did not curse his wife, he replied, ''I would tell him I didn't hear him . . . I wouldn't tell him no''.

Another witness said she knew the Brocks when she saw them, for awhile she lived near them in the spring of 1945. So far as she knew, they got along all right. On cross-examination, she said she was never in their home. She was then asked, ''You don't know under what circumstances they were living when you were near there? A. I show don't. Q. You don't know anything about the relationship between them as man and wife? A. No, sir''.

That is a summary and illustrates the character of all the evidence on behalf of appellee. It is seen that the testimony is negative, that most of it proves nothing. It certainly falls far short of counter-balancing the positive, concrete evidence of the witnesses for the appellant. All of the witnesses, both for appellant and appellee, and including that of appellee himself, say she is a very splendid character and made appellee a fine wife. Appellee has filed no brief on this appeal. He is not here contesting the issue, although we have considered and

weighed the evidence as bearing upon it as though he were here making an active contest. The wife is not asking alimony or solicitor's fees. She is merely asking for a divorce.

We have detailed the evidence because of our reluctance to reverse the chancellor on a question of fact in a proceeding of this kind. However, it is manifest, we think, the bill should have been sustained and the divorce granted the complainant. That will be done here.

Reversed and decree here for appellant.